# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMONTE ALLGOOD,<br><br>                                  Plaintiff,<br>v.<br><br><br>DR. MARCELO CASTILLO and<br>RONALD J. EDWARDS,<br><br><br><br>                                Defendants. | Case No. 16-CV-1576-JPS<br><br><br><br>**ORDER** |

      Plaintiff, a prisoner, brings this action *pro se* pursuant to 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's recent motions appointment of counsel. (Docket #18, #19, #24, and #25). These motions come after the Court denied Plaintiff's initial motion for appointment of counsel at screening. *See* (Docket #15). In the instant motions, Plaintiff claims he needs counsel appointed for him because he has a long history of mental illness. To substantiate this claim, he cites a June 18, 2015 report from the State of Wisconsin Department of Health Services which reflects that Plaintiff "has a long history of mental illness" and has been hospitalized for his mental disorders multiple times. (Docket #20-1 at 2; Docket #24-1 at 1–2). Additionally, he asserts that he has had difficulty finding his own attorney because prison officials will not let him use the law library to search for one.

Plaintiff's motion must be denied at this early stage in the case. As a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. banc 2007)). The Seventh Circuit has emphasized that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation omitted). Instead, "[t]he question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

Plaintiff's request fails on the first element, since he provides no evidence whatsoever that he has made efforts to seek out representation on his own. *Russell v. Bukowski*, 608 F. App'x 426, 428 (7th Cir. 2015). All he offers in this regard is an unsubstantiated, unsworn claim that he has been prevented from searching for an attorney. If he is indeed being actively and inappropriately denied the ability to look for his own counsel, he

should raise those concerns with prison officials first, for they are in a better position to assess Plaintiff's circumstances and provide immediate relief.

Moreover, even if the Court credited Plaintiff's assertion that he has been unable to search for counsel, he fails to show that his alleged mental illness precludes from prosecuting this case on his own. First, the report he cites is nearly two years old and does not necessarily reflect Plaintiff's current mental health condition. Second, the report states that Plaintiff was able to stabilize rapidly after his latest short psychotic episode in April 2015, suggesting that his mental disorders are not wholly disabling.[1] Finally, although Plaintiff cites *Hamilton v. Leavy*, 117 F.3d 742, 749 (3d Cir. 1997), for the proposition that an inmate with a history of mental disorders must have counsel appointed for him, the Seventh Circuit has embraced no such categorical rule, *see Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Rather, considering all of the attendant facts and circumstances, the Court finds that despite Plaintiff's suggestion that he cannot litigate this matter himself, his submissions thus far show that he can cogently present evidence and argument in support of his positions. Furthermore, while Plaintiff's claims implicate medical topics, they are fairly straightforward, since they ask only whether there was a reason for his medication to be discontinued and whether he was provided prescribed medication. *See Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir.

---

[1] In addition to the report, Plaintiff submitted a host of other documents in his latest filings. *See* (Docket #24-1 and #25-1). Other than the June 2015 report, the Court, having reviewed these documents, finds that they are not relevant to Plaintiff's mental health condition or his ability to litigate.

2014). Thus, the Court finds that appointment of counsel is not warranted at this time.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for appointment of counsel (Docket #18, #19, #24, and #25) be and the same are hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[2]Plaintiff also raises a concern about the deadline for submitting an amended complaint. (Docket #19 at 1). That deadline is set in a scheduling order to be issued contemporaneously with this Order. If Plaintiff cannot meet the deadline and believes that circumstances warrant an extension, he may seek such an extension by motion. The Court reminds him, however, that this branch of the Court rarely entertains requests for extension of time.