# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMONTE ALLGOOD,

      Plaintiff,

v.

DR. MARCELO CASTILLO, RONALD J. EDWARDS, and DR. BAAS,

      Defendants.

Case No. 16-CV-1576-JPS

**ORDER**

  On March 31, 2017, the Court screened Plaintiff's original complaint. (Docket #15). The Court permitted Plaintiff to proceed on claims of deliberate indifference to his serious medical needs and excessive force, both in violation of the Eighth Amendment. *Id.* at 4–5. On May 8, 2017, the Court entered a scheduling order in this matter and afforded Plaintiff until June 1, 2017, to file an amended complaint if he chose to do so. (Docket #28). Plaintiff filed an amended complaint on May 11, 2017, (Docket #33), and the Court now turns to screening that amended complaint.[1]

  As noted in the first screening order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). All of the

---

[1] Plaintiff filed a motion for leave to proceed *in forma pauperis* along with his amended complaint. (Docket #34). Because he has already been granted *in forma pauperis* status, *see* (Docket #15), this motion must be denied as moot.

standards cited in the first screening order remain applicable here. (Docket #15 at 1–3).

Plaintiff's amended complaint is largely identical to his original complaint. Put briefly, Plaintiff alleges in his amended complaint that Dr. Castillo took him off of his psychological medications without reason. (Docket #33 at 2). Plaintiff says he had mentioned to the doctor that he was worried about developing gynecomastia as a side effect of one of the medications, Risperdone, but Plaintiff seems to think that he was only expressing concern, not asking for the medication to be discontinued. *See id.* Further, although he continually asked for his medications from numerous correctional officers, including Unit Manager Ms. Wiegards, they consistently refused and poked fun at him for his psychological conditions. *Id.* at 2–3.

Next, Plaintiff asserts that correctional officer Ronald J. Edwards ("Edwards") and other unnamed officers assaulted him on September 28, 2016,[2] by dragging him forcefully, and without justification, to segregation. *Id.* at 3. Plaintiff claims he suffered physical and emotional injuries from this incident. *Id.* Further, Plaintiff contends that he has been denied appropriate mental health treatment by Dr. Baas, who is ostensibly an employee of the prison's psychological services department, and other unnamed individuals. *Id.*

Finally, Plaintiff alleges that has been thrown in segregation, gassed, and stripped naked. *Id.* Additionally, while in segregation, prison officials

---

[2]Plaintiff says that this incident happened on September 28, 2016, but other documents he filed reflect that the alleged incident occurred on September 29, 2016. *See* (Docket #29-1 at 2). For the time being, the Court will hew to Plaintiff's allegations, which it must accept as true at this juncture.

took his mattress and left his cell cold enough to "freeze" him. *Id.* Plaintiff states that these conditions have caused him both physical and psychological harm. *Id.* For relief, Plaintiff requests that the Court order: (1) that he be placed back on his prior psychotropic medications; (2) that his mental health conditions be properly documented in his prison records; (3) that he receive help setting up a bank account; (4) that he be housed in the prison "special needs unit"; and (5) that he be provided surgery to remedy his gynecomastia. *Id.* at 5.

The Court's reasoning in its earlier screening order controls the screening of Plaintiff's amended complaint. First, as the Court has already found, Plaintiff may proceed on an Eighth Amendment claim of deliberate indifference to his serious medical needs against Dr. Castillo for taking him off of his psychological medications for no reason. *See Glick v. Walker*, 272 F. App'x 514, 519–20 (7th Cir. 2008). Second, Plaintiff states a deliberate indifference claim against Dr. Baas for denying him mental health treatment despite his alleged psychological disorders. *Id.* Third, Plaintiff may proceed against Edwards for a claim of excessive force, in violation of the Eighth Amendment, for the September 28, 2016 incident. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). Finally, as the Court already warned Plaintiff, he cannot proceed on allegations for which he names no defendant personally responsible for the conduct at issue. *See* (Docket #15 at 5); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). These include his allegations related to the conditions of his confinement in segregation, the allegations that other unnamed guards helped Edwards beat him, and the allegations that other individuals in the psychological services department in addition to Dr. Baas denied him mental health treatment.

For the reasons stated above, the Court will permit Plaintiff to proceed on the following claims: (1) an Eighth Amendment claim of deliberate indifference to his serious medical needs against Dr. Castillo for taking him off of his psychological medications without cause; (2) an Eighth Amendment claim of deliberate indifference to his serious medical needs against Dr. Baas for denying him mental health treatment despite his psychological conditions; and (3) an Eighth Amendment claim of excessive force against Edwards for the September 28, 2016 incident.

The Court closes by briefly addressing several other motions Plaintiff filed along with his amended complaint. First, Plaintiff submitted what is now his sixth motion requesting the appointment of counsel. (Docket #29). The Court explained only a few days ago that Plaintiff is not entitled to appointed counsel at this time. (Docket #27). Plaintiff offers no new evidence or argument undermining that conclusion beyond unsworn statements about his attempts to secure counsel and about his purported mental conditions. *See* (Docket #29, #30, #31, #35).[3] These sorts of representations are insufficient to warrant the present appointment of counsel. *See* (Docket #27 at 2–3). The motion must, therefore, be denied.

Likewise, the Court will deny Plaintiff's motion to subpoena video surveillance footage of the September 28, 2016 incident. (Docket #32). First, to the extent Plaintiff asks the Court itself to request evidence from

---

[3]In particular, the Court finds unavailing the affidavit submitted by Plaintiff's jailhouse lawyer, Robert Tatum ("Tatum"). (Docket #35). First, Tatum avers that he will soon be released from prison. *Id.* at 2. But while Plaintiff is entitled to use a jailhouse lawyer if one is available, he has no right to counsel simply because his jailhouse lawyer is released. Second, Tatum offers his own lay musings about Plaintiff's mental condition and litigation skills. *Id.* at 1–2. These bear precious little weight in the Court's assessment of Plaintiff's abilities.

Defendants on his behalf, it cannot; the Court does not participate directly in the discovery process in civil litigation. Second, to the extent Plaintiff seeks an order from the Court compelling Defendants to produce these items, his motion is premature. Before seeking Court intervention into discovery matters, Plaintiff must first serve discovery requests on Defendants consistent with the requirements of the Federal Rules of Civil Procedure. If Defendants do not appropriately respond to Plaintiff's discovery requests, Plaintiff must then make good-faith efforts to confer with Defendants' counsel to resolve the matter without involving the Court. *See* Fed. R. Civ. P. 37(a)(1); Civ. L. R. 37. If those efforts fail, then and only then may Plaintiff file a motion to compel discovery responses with the Court. *See Ross v. Bd. of Regents of Univ. of Wis. Sys.*, No. 08–CV–230, 2008 WL 5129941, at *1 (E.D. Wis. Dec. 5, 2008); *Williams v. Frank*, No. 06C1051, 2007 WL 1217358, at *1 (E.D. Wis. Apr. 19, 2007).

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #33) shall be the operative complaint in this action;

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #29) be and the same is hereby **DENIED** without prejudice;

**IT IS FURTHER ORDERED** that Plaintiff's motion to subpoena video footage (Docket #32) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #34) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court,

copies of Plaintiff's amended complaint (Docket #33) and this Order will be electronically sent to the Wisconsin Department of Justice for service on Defendant Dr. Baas;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, Defendant Dr. Baas shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this order; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 19th day of May, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge