# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMONTE ALLGOOD,

                          Plaintiff,

v.

DR. MARCELO CASTILLO,
RONALD J. EDWARDS, and
DR. JENNIFER BAAS,

                         Defendants.

Case No. 16-CV-1576-JPS

**ORDER**

On June 20, 2017, Plaintiff filed a motion requesting an order from the Court directing certain prison officials at his institution to allow him access to the prison law library. (Docket #45). None of the officials named in the motion are parties to this case. *See id.* at 1. Plaintiff alleges that these officials, which include the warden, the security director, a social worker, and a correctional officer, have not given him sufficient access to the law library. *Id.* Plaintiff appears to claim that he is not being put on the access list for the law library in a timely fashion. *See id.*

The Court must deny Plaintiff's request. To obtain a preliminary injunction like the one he seeks here, Plaintiff must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016). A preliminary injunction is "an extraordinary remedy and is never awarded as of right." *Knox v. Shearing*, 637 F. App'x 226, 228 (7th Cir. 2016). To meet this burden, Plaintiff must make a "clear showing

that [he] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Plaintiff falls short of making the substantial showing necessary to obtain preliminary injunctive relief. First, he seeks relief against individuals who are not defendants in this case. The Prison Litigation Reform Act instructs that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). A broad injunction, against prison staff whose conduct is not otherwise implicated in the present suit, does not meet this standard.

Second, the motion appears to be an attempt to wedge allegations of current wrongdoing into an ongoing case. Plaintiffs' claims in this case concern alleged deliberate indifference to his medical needs and assault by a prison guard. *See* (Docket #36 at 4). Denial of access to the law library is distinct from Plaintiff's existing claims, *see Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995), and it is not a claim on which Plaintiff has been permitted to proceed. A motion for preliminary injunctive relief is not a proper method by which to introduce new allegations of wrongdoing into this case.

Finally, even on their merits, Plaintiff's claims of denial of access to the law library are difficult to parse. Is he being totally denied access, or is he simply not getting as much access as he desires? It is hard to tell from his stream-of-consciousness writing style. On this scant evidentiary basis, the Court declines to insert itself into matters of prison administration. *See* 18 U.S.C. § 3626(a)(2); *Hewitt v. Helms*, 459 U.S. 460, 467 (1983) ("[P]rison officials have broad administrative and discretionary authority over the

institutions they manage."). The Court has neither the institutional capabilities nor the resources to police matters like library time schedules. *See Sandin v. Conner*, 515 U.S. 472, 482–83 (1995) (federal courts should not be involved in the "day-to-day management of prisons"). As a result, the Court must deny Plaintiff's request for a preliminary injunctive relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for preliminary injunctive relief (Docket #45) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge