# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMONTE ALLGOOD,

               Plaintiff,

v.

DR. MARCELO CASTILLO,
RONALD J. EDWARDS, and
DR. JENNIFER BAAS,

               Defendants.

Case No. 16-CV-1576-JPS

**ORDER**

      Plaintiff Jamonte Allgood ("Allgood"), a prisoner, brings this action pursuant to 42 U.S.C. § 1983 against Defendants, prison officials at Racine Correctional Institution, alleging that two physicians acted with deliberate indifference to his medical needs and that a prison guard employed excessive force against him. *See* (Docket #33, #36). Defendants filed a motion for summary judgment on July 7, 2017, arguing that Allgood failed to exhaust his administrative remedies before filing suit on these claims. (Docket #48). The motion has been fully briefed, and for the reasons stated below, it will be granted.

1.     **STANDARD OF REVIEW**

    1.1    **Summary Judgment**

      Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 1.2  Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Several important policy goals animate the exhaustion requirement, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. There are two steps an inmate must take to exhaust their administrative remedies under the ICRS. First,

the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ DOC 310.07(1), 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ DOC 310.08, 310.09(4), 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § DOC 310.11(6).[1] If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ DOC 310.07(2), 310.11. The reviewing authority may accept or reject the ICE's recommendation. *Id.* § DOC 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE"). *Id.* §§ DOC 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* §§ DOC 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ DOC 310.07(7), 310.14.

Exhausting available remedies in connection with disciplinary proceedings follows a slightly different path. An inmate may not use an ICRS complaint to challenge a conduct report, except that the inmate may file such a complaint after the disciplinary proceedings have been closed to challenge procedural errors during the proceedings. *Id.* § DOC 310.08. In

---

[1]The ICRS defines a "reviewing authority" as "the warden, bureau director, administrator or designee who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(2).

order to exhaust administrative remedies with respect to issues related to a conduct report, "the inmate must raise it at the time of his disciplinary hearing and again on appeal to the warden, assuming the matter is not resolved at the disciplinary hearing stage." *Lindell v. Frank*, 05-cv-003, 2005 WL 2339145, at *27–28 (W.D. Wis. Sept. 23, 2005); Wis. Admin. Code §§ DOC 303.80–303.82. The appeal to the warden is final regarding the sufficiency of the evidence for a disciplinary decision. Wis. Admin. Code § DOC 303.82(4).

2. **RELEVANT FACTS**

    2.1 **Allgood's Failure to Dispute the Material Facts**

The relevant facts are undisputed because Allgood did not properly dispute them. In the Court's scheduling order, issued May 8, 2017, Allgood was warned about the requirements for opposing a motion for summary judgment. (Docket #28 at 2–3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. Most relevant here is Local Rule 56(b)(2), which obligates the non-movant on summary judgment to file "a concise response to the moving party's statement of facts that must contain a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon[.]" Civ. L. R. 56(b)(2)(B)(i).

Next, on July 7, 2017, Defendants filed their motion for summary judgment. (Docket #48). In the motion, Defendants also warned Allgood about the requirements for his response as set forth in Federal and Local Rules 56. *Id.* at 1–2. He was provided with additional copies of those Rules

along with Defendants' motion. *See id.* at 3–14. In connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #50). It contained short, numbered paragraphs concisely stating those facts which Defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

Despite being twice warned of the strictures of summary judgment procedure, Allgood ignored those rules by failing to dispute Defendants' proffered facts in any coherent fashion. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Instead, Allgood filed dozens of declarations and letters, to which were attached many pages of documents. *See* (Docket #58, #59, #60, #61, #65, #70, #71, #74, #76, #77). He also filed his own "motion" requesting summary judgment in his favor on the issue of exhaustion, which the Court takes to be his response to Defendant's motion. *See* (Docket #62).

Most of these filings have nothing to do with exhaustion but instead touch upon the merits of Allgood's claims. Of course, exhaustion of administrative remedies is not at all dependent on whether the prisoner's claims are good or bad, and so all such material is irrelevant. Moreover, to the extent that Allgood submitted several declarations and documents on his efforts to exhaust his administrative remedies, *see* (Docket #58, #63, #64, #65, #71), he nevertheless failed to abide by the Court's rules and submit a response to Defendants' statement of material facts accompanied by citations to admissible evidence showing that he in fact complied with the exhaustion requirement, *See* Civ. L. R. 56(b)(2)(B)(i).

Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. *Herman v. City of Chicago*, 870 F.2d 400, 404

(7th Cir. 1989) ("A district court need not scour the record to make the case of a party who does nothing."). Thus, the Court will, unless otherwise stated, deem Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).[2]

## 2.2 Allgood's Claims and Offender Complaints

Allgood is an inmate at Green Bay Correctional Institution. At all times relevant to this lawsuit, however, Allgood was housed at Racine Correctional Institution. Allgood was allowed to proceed on the following claims in this lawsuit: (1) an Eighth Amendment deliberate indifference claim against Dr. Marcelo Castillo ("Castillo") for allegedly taking Allgood

---

[2]It is worth noting that Allgood filed two discovery-related motions around the time that Defendants' motion for summary judgment was being briefed. (Docket #47, #66). The first requests a Court order directing the institution to grant Allgood a legal loan to make copies of documents. (Docket #47). The Court will generally not interfere in matters of prison administration such as the regulation of legal loans, especially where there are no claims in the case concerning those regulations. *See Murphy v. Kamphaus*, Case No. 16-cv-1462-pp, 2017 WL 3392355, at *2 (E.D. Wis. Aug. 7, 2017); *Carter v. Cummings*, 16-cv-55-bbc, 2016 WL 7377345, at *2–3 (W.D. Wis. Oct. 3, 2016). The second motion seeks to compel Defendant's responses to document requests, which Allgood alleges are relevant to his exhaustion of remedies. (Docket #66). But this motion would have to be denied in any event, as Allgood made no effort to comply with the meet-and-confer requirement of the Court's procedural rules, nor did he coherently describe the nature and scope of his request or the basis for its discoverability. Fed. R. Civ. P. 37(a)(1); Civ. L. R. 37. *Ross v. Bd. of Regents of Univ. of Wis. Sys.*, No. 08–CV–230, 2008 WL 5129941, at *1 (E.D. Wis. Dec. 5, 2008); *Williams v. Frank*, No. 06C1051, 2007 WL 1217358, at *1 (E.D. Wis. Apr. 19, 2007) (enforcing Local Rule 37 meet-and-confer requirements against pro se prisoner). Thus, neither motion has any effect on the disposition of this case. In any event, Allgood's failure to file a response to Defendants' statement of facts in compliance with the Local Rules means that whatever discovery he may have had at his disposal, the Court would not consider it in adjudicating Defendants' motion.

off of his medications for "no reason"; (2) an Eighth Amendment excessive force claim against correctional officer Ronald J. Edwards ("Edwards") for allegedly dragging Allgood to segregation without justification on September 29, 2016; and (3) an Eighth Amendment deliberate indifference claim against Dr. Jennifer Baas ("Baas") for denying Allgood mental health treatment despite his alleged psychological disorders. (Docket #36 at 4).

Allgood submitted several offender complaints under the ICRS relating to his claims in this lawsuit. The Court will briefly review each in turn.

Offender Complaint RCI-2016-14551 was received by the ICE on July 8, 2016. In this complaint, Allgood alleged that Dr. Castillo took him off his psychotropic medication on June 1, 2016, and that he needs that medication for his mental health. The ICE rejected the complaint pursuant to Wis. Admin. Code § DOC 310.11(5)(d) on the grounds that Allgood submitted the complaint beyond fourteen calendar days from the date of the occurrence giving rise to the complaint and provided no good cause for the ICE to extend that deadline. Allgood did not request a review of the rejected complaint by the reviewing authority.

Offender Complaint RCI-2016-19895 was received by the ICE on September 8, 2016. Here, Allgood alleged he has not been seen by Dr. Castillo and had not received his medications. The ICE recommended the complaint for dismissal after consulting with the Assistant Health Services Unit ("HSU") Manager, noting that "[t]he complainant's claim that he has not been seen for evaluation by Dr. Castillo is unfounded. It is documented that appointments have been scheduled and missed by the complainant. The complainant's claim that his medication was ended and not refilled is also unfounded, as he consulted with Dr. Castillo at his April appointment

and it was decided he would discontinue his medications as he had not taken them in some time." (Docket #51-3 at 2–3). The reviewing authority agreed with the ICE's recommendation and dismissed the complaint on October 3, 2016. Allgood did not appeal that decision to the CCE.

Allgood next attempted to file an offender complaint on October 14, 2016, alleging he had not received his medication for his mental health issues. The complaint was returned by the ICE on October 17, 2016 with instructions to first attempt to resolve the issue informally by contacting the HSU Manager. The record does not reflect that Allgood ever refiled this complaint or provided the ICE with evidence showing that he had first attempted an informal resolution.

Allgood attempted to file another offender complaint on October 21, 2016, alleging he was dragged to segregation, was told lies about his medication, and was denied medication. This complaint was returned to Allgood by the ICE on October 31, 2016 because the complaint contained multiple issues, in violation of Wis. Admin. Code § DOC 310.09(1)(e). The ICE also noted that Allgood had recently been seen by HSU physicians Dr. Todryk and Dr. Castillo, but instructed that if the medication issue was not resolved, Allgood could refile his complaint with documentation of his attempts to resolve the issue informally. As with the October 14 complaint, there is nothing in the record showing that Allgood ever refiled this complaint or provided the ICE with evidence of his informal resolution efforts.

Offender Complaint RCI-2016-25171 was received by the ICE on November 8, 2016. In this complaint, Allgood claimed he was being denied mental health treatment. The ICE recommended dismissal of the complaint after consulting with Dr. Baas, noting that Allgood had been seen in HSU

by Dr. Castillo and was being treated by providers in the Psychological Services Unit on an ongoing basis. The reviewing authority agreed with the ICE's recommendation and dismissed the complaint on November 25, 2016.

An appeal of Offender Complaint RCI-2016-25171 was received by the CCE on November 21, 2016, with a postmark date of November 18, 2016. The appeal was rejected as premature since the institution's reviewing authority had not yet issued a decision. Allgood later submitted another appeal of this complaint to the CCE which was postmarked April 6, 2017. The CCE dismissed this appeal as untimely on the ground that the CCE received the appeal after the 10-day deadline imposed by Wis. Admin. Code § DOC 310.13(1). Cindy O'Donnell, acting as the Office of the Secretary's designee, agreed with the CCE's recommendation and dismissed the appeal on April 19, 2017.

Offender Complaint RCI-2016-25172 was received by the ICE on November 8, 2016. In it, Allgood claimed that he told Dr. Castillo that he needed different medication because he was having reactions to his current medication. He also claimed that he had not received new psychotropic medication. The ICE rejected the complaint on the ground that the issues raised therein has been previously addressed. Allgood attempted to appeal the rejection of RCI-2016-25172 to the CCE on November 21, 2016. The appeal was not accepted because the CCE cannot review a rejected complaint pursuant to Wis. Admin. Code § DOC 310.13(3). A request for review of the rejected complaint was received by the ICE on April 11, 2017. The reviewing authority rejected the appeal on the grounds it was untimely.

Offender Complaint RCI-2016-25173 was received by the ICE on November 8, 2016. Here, Allgood alleged he was denied an x-ray when

Officer Edwards hurt his hand on September 29, 2016. The ICE rejected this complaint because it was filed after the 14-day deadline from the date of the relevant occurrence and because Allgood offered no good cause for an extension. Allgood attempted to appeal the rejection of RCI-2016-25173 to the CCE on November 21, 2016. This appeal, like the appeal of Offender Complaint RCI-2016-25712, was rejected because the CCE cannot review a rejected complaint. A request for review of the rejected complaint was received by the ICE on April 11, 2017. The reviewing authority rejected the appeal on the grounds it was untimely.

There are no further offender complaints submitted by Allgood regarding the claims at issue in this lawsuit. However, Defendants note that Allgood was issued Conduct Report No. 2905784 on September 29, 2016, relating to the alleged excessive force incident involving Officer Edwards. The conduct report alleged that Allgood was guilty of disobeying orders, disrespect, disruptive conduct, and being in an unassigned area. The "description of the incident" section of the report included a description of Allgood's behavior and the use of force by Edwards and other officers. Allgood signed a Waiver of Contested Major Hearing as to this conduct report on October 6, 2016. By signing the waiver, Allgood agreed to accept an uncontested major disposition in accordance with Wis. Admin. Code § DOC 303.78. This means he did not attend or present evidence at a disciplinary hearing and waived his right to appeal the disposition to the warden. *Id.*

3. **ANALYSIS**

The undisputed facts demonstrate that Allgood has not exhausted his administrative remedies with respect to his claims in this case. To be sure, he submitted many offender complaints on various relevant issues,

but the key to exhaustion is that the prisoner successfully completes the *entire* administrative review process. Completing some of the steps, some of the time, and as to some complaints is not enough. *Pozo*, 286 F.3d at 1025 ("Prisoner[s] must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). Similarly, as discussed further below, Allgood did not challenge the conduct report he received in connection with the alleged excessive force incident, and no other offender complaints touch on that subject.

As to his deliberate indifference claims against Castillo and Baas, Allgood's first two offender complaints—RCI-2016-14551 and RCI-2016-19895—were not exhausted because Allgood failed to fully appeal them. For Offender Complaint RCI-2016-14551, Allgood did not appeal the ICE's rejection to the reviewing authority, and for Offender Complaint RCI-2016-19895, Allgood did not appeal the reviewing authority's dismissal to the CCE.

Allgood's other three offender complaints—RCI-2016-25171, RCI-2016-25172, and RCI-2016-25173—did not exhaust available remedies for two reasons. First, Allgood failed to properly and timely appeal the disposition of those complaints. Regarding Offender Complaint RCI-2016-25171, Allgood first prematurely appealed the institution's dismissal to the CCE, and then filed a late appeal months later. For Offender Complaints RCI-2016-25172 and RCI-2016-25173, Allgood appealed to the CCE without first seeking review by the reviewing authority. Moreover, given the dates of the dispositions of these offender complaints, even if Allgood had properly and timely appealed them, exhaustion would not have occurred until after Allgood's filing of this lawsuit on November 18, 2016. *Perez*, 182 F.3d at 537.

Finally, there is the conduct report Allgood received in connection with the alleged excessive force incident perpetrated by Edwards. This is the only administrative record of the incident, as Allgood did not file a separate offender complaint on the matter. As noted above, exhaustion in this context required Allgood to challenge the conduct report at the disciplinary hearing and, if necessary, appeal the disposition to the warden. *Lindell*, 2005 WL 2339145, at *27–28; Wis. Admin. Code §§ DOC 303.80–303.82. But rather than contest the conduct report at a disciplinary hearing, Allgood signed a waiver in which he agreed to accept an uncontested major penalty. Consequently, he did not attend or present evidence at a disciplinary hearing, and he also waived his right to appeal the discipline to the warden. Wis. Admin. Code § DOC 303.78. Because Allgood never attended the disciplinary hearing or appealed the guilty finding to the warden, any claim relating to the excessive force incident arising from the conduct report has not been exhausted. *See, e.g.*, *Baker v. Faltynski*, No. 12-CV-125-WMC, 2014 WL 713132, at *4 (W.D. Wis. Feb. 25, 2014).[3]

---

[3]Although it was not required to do so, the Court reviewed Allgood's submissions detailing his attempts at exhausting his administrative remedies. Nothing in those filings, had they been properly presented to the Court, would change the outcome here. Allgood submitted letters he received from prison officials and his many requests for healthcare or for information about his care, (Docket #58-1); (Docket #65 at 2–3); (Docket #71-1), but none of those occurred within the ICRS system, and so they have no bearing on his exhaustion of remedies. It appears that Allgood submitted these documents as evidence that he tried to informally resolve his grievances as instructed in the ICE's rejection of his two mid-October 2016 offender complaints. (Docket #65 at 2–3). But even so, Allgood did not return to the ICE with evidence of these efforts and attempt to refile those complaints, nor fully appeal what the ICE's disposition of the complaints may have been. Thus, such evidence does not advance his claim of exhaustion. *See Steiskal v. Lewitzke*, 553 F. App'x 611, 616 (7th Cir. 2014) (failure to exhaust where inmate did not resubmit his offender complaint nor provide the ICE with evidence of his attempts to seek informal resolution).

4.  **CONCLUSION**

Allgood has not properly challenged the facts Defendants proffered. Viewing those undisputed facts in the light most favorable to him, the Court is obliged to conclude that his claims are unexhausted and must be dismissed. This action will, therefore, be dismissed in its entirety without prejudice.[4]

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #48) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Docket #62) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for use of a legal loan (Docket #47) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel discovery responses (Docket #66) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' motions to stay these proceedings pending disposition of their motion for summary judgment (Docket #53, #79) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

---

[4] Although it appears unlikely that Allgood will be able to complete the ICRS process for his unexhausted claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge